UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-80057-CIV-HURLEY/HOPKINS


ARNOLD M. GANZ RESIDUAL TRUST, et al.,,
        Plaintiffs,

v.

GROWTHINK SECURITIES, INC.,
        Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
COUNTER-DEFENDANT'S MOTION TO DISMISS


THIS CAUSE comes before the court upon counter-defendant Charles Ganz's motion to

dismiss counter-plaintiff Growthink Securities, Inc.'s counterclaim [DE # 27].  For the reasons given

below, the court will grant in part and deny in part the motion.

BACKGROUND

Plaintiffs filed suit against Growthink Securities, Inc. ("Growthink") alleging several

violations of Florida's securities-regulation laws, Fla. Stat. § 517.011 *et seq*.  According to the

complaint, LS Energy was a company formed in Nevada to take advantage of possible business

opportunities associated with patents belonging to Dr. Samuel Sami, LS Energy's founder.  Plaintiffs

allege that LS Energy had retained defendant Growthink, a consulting firm, and that Growthink

created and circulated a business plan that contained materially false representations and omissions.

The complaint alleges that the plaintiffs purchased shares of LS Energy in reasonable reliance on the

business plan, which assured plaintiffs that Dr. Sami's patents had been assigned, or would soon be

assigned, to LS Energy.  In fact, Dr. Sami never did so.  Instead, within months of the plaintiffs'

purchase of LS Energy securities, Dr. Sami formed two other corporations and transferred most of

LS Energy's assets to the two new entities.  As a result, according to the complaint, plaintiffs' shares of LS Energy are now worthless.  After plaintiffs filed suit, Growthink counterclaimed against Charles Ganz ("Granz"), in his capacity as trustee of the Arnold M. Ganz Residual Trust (the "Trust"), one of the plaintiffs.  *See* DE # 26.  The counterclaim seeks indemnity and contribution from Ganz to the extent that Growthink is held liable to the Trust.

JURISDICTION

This court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.  Venue is proper in this court pursuant to 28 U.S.C. § 1441(a) because the case was removed to this court from the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, which is located within the Southern District of Florida.

DISCUSSION

A.    *Standard on Motion to Dismiss*

Granting a motion to dismiss is appropriate when a complaint contains simply "a formulaic recitation of the elements of a cause of action." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  To survive a motion to dismiss, a complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence" in support of the claim and that plausibly suggest relief is appropriate.  *Id.*  On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986).  The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *See Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).  Regardless of the alleged facts, a court may dismiss a complaint

2

on a dispositive issue of law.  *See Marshall County Bd. Of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

> **B.**    ***Defendant's Motion to Dismiss***
>
> > *1.*    *Indemnification*

Count I of the counterclaim seeks common-law indemnification against Ganz.  Under Florida law, a party seeking common-law indemnification must demonstrate that (1) its liability is vicarious and solely for the wrong of another and (2) the party against whom indemnification is sought was at fault.  *See Dade County Sch. Bd. v. Radio Station WQBA*, 731 So.2d 638, 642 (Fla. 1999).

Florida courts also require "a special relationship between the parties in order for common law indemnification to exist."  *Id.*  A special relationship is one that makes the defendant vicariously, constructively, or derivatively liable for the acts of the party against whom identification is sought. *See Houdaille Industries, Inc. v. Edwards*, 374 So.2d 490, 493 (Fla. 1979).  In assessing whether a special relationship exists, courts generally look at whether the party against whom indemnification is sought has breached a duty under a contract with the defendant or breached an duty implied by the parties' conduct.  *See Kesslack v. Tower Hill Preferred Ins. Co.*, 2009 WL 3161808, at * 2 (N.D. Fla Sept. 28, 2009) (citing *Seaboard Coast Line R.R. Co. v. Smith*, 359 So.2d 427, 428 (Fla. 1978)).

Ganz argues that the amended counterclaim fails to allege the existence of a special relationship between Growthink and Ganz.  The court agrees.  The amended counterclaim alleges no facts demonstrating that Ganz owed a duty to Growthink under a contract or warranty, nor does it allege that an implied duty existed between the parties.  Indeed, the amended counterclaim fails to allege any relationship or contacts whatsoever between Ganz and Growthink, let alone a special relationship establishing vicarious, constructive, derivative, or technical liability.  "Florida law is

clear that in the absence of a contract, duty to pay, or other special relationship between the parties, an indemnity claim should be dismissed." *See Kesslack*, 2009 WL 3161808, at *2 (citing *Brickell Biscayne Corp. v. WPL Assoc., Inc.*, 671 So.2d 247, 248-49) (Fla. 3d. DCA 1996)). Accordingly, the court will grant Ganz's motion to dismiss the indemnity claim without prejudice, giving Growthink leave to replead its claim by amending the complaint to allege specific facts supportive of a special relationship as defined by Florida law. *See Teitel v. Hilton Gardens Inn*, 2009 WL 2913454, at * 1 (M.D. Fla. Sept. 8, 2009) (dismissing indemnification claim for failure to allege a special relationship); *Zurich Am. Ins. Co. v. Hi-Mar Speciality Chems., LLC*, 2009 WL 1851124, * 3 (S.D. Fla. June 29, 2009) (same).

> 2.    *Contribution*

Growthink seeks contribution from Ganz in Count II of its counterclaim. Under Florida law, "when two or more persons become jointly or severally liable in tort for the same injury . . . there is a right of contribution among them even though judgment has not been recovered against all or any of them." Fla. Stat. § 768.31; *see Piamba Cortes v. American Airlines, Inc.*, 177 F.3d 1272, 1305 (11th Cir. 1999). "The law of contribution is meant to apportion the responsibility to pay innocent injured third parties between or among those causing the injury." *Horowitz v. Laske*, 855 So.2d 169, 174 (Fla. 5th DCA 2003). "[T]o recover on the basis of contribution, there must be a common liability to a third person at the time of the accident between the one seeking contribution and the one from whom contribution is sought, created by their concurrent negligence." *West American Ins. Co. v. Yellow Cab Co. of Orlando*, 495 So.2d 204, 206 (Fla. 5th DCA 1986).

Here, Ganz moves to dismiss the contribution claim because "Ganz did not commit a tort (or at least Grownthink has not alleged that Ganz as Trustee committed a tort)." However, the

4

counterclaim specifically alleges that Ganz was negligent in failing to properly advise plaintiffs in connection with their purchase of LS Energy securities, thereby causing plaintiffs' injuries. *See* Countercl. ¶¶ 15-20. On a motion to dismiss, the court must accept all well-pled facts as true. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Therefore, whether Ganz committed a tort is a question of fact that cannot be resolved on a motion to dismiss. *See Gulfstream Park Racing Ass'n, Inc. v. Gold Spur Stable, Inc.*, 820 So.2d 957, 961 (Fla. 4th DCA 2002) (whether third-party defendant "was negligent and whether his negligence combined with [third-party plaintiff's] negligence to cause" the plaintiff's injury are "questions for the jury").

Ganz also argues that, even if his alleged negligence contributed to Growthink's injuries, he was a subsequent tortfeasor, and not a joint one. However, "[a]s long as the parties share a common liability, a right to contribution exists, even where the liability of the parties rests on different grounds." *Gulfstream Park Racing Ass'n, Inc. v. Gold Spur Stable, Inc.*, 820 So.2d 957, 960-961 (Fla. 4th DCA 2002). "The essence of the action for contribution is *common liability* to the injured person, not liability for *common negligence* or *similar* negligence, or *like* negligence." *Id.* at 961. (emphasis in original) (internal quotations and citations omitted). Here, Growthink has sufficiently alleged common liability to maintain its claim for contribution.

Finally, Ganz argues that Growthink cannot obtain contribution as to plaintiff's fraud claim, because there is no right of contribution for intentional torts. It is true that a tortfeasor who has intentionally caused an injury has no right of contribution. *See* Fla. Stat. § 768.31(2)(c); *Freeman v. Dean Witter Reynolds, Inc.*, 865 So.2d 543. 551 (Fla. 2d DCA 2003). But under Florida law, intentional misconduct is not a necessary element of a claim for fraud in connection with the sale of a security. *See Grippo v. Perazzo*, 357 F.3d 1218, 1222 (11th Cir. 2004) ("The elements of a cause

Order Granting in Part and Denying in part
Arnold M. Ganz Residual Trust, et al. v. Growthink Securities, Inc.
Case No. 09-80057-CIV-HURLEY/HOPKINS

of action under § 517.301 are identical to those under the Federal Rule 10b-5, except that the scienter

requirement under Florida law is satisfied by showing of mere negligence.") (citing *Gochnauer v.*

*A.G. Edwards & Sons, Inc.*, 810 F.2d 1042, 1046 (11th Cir.1987)).

## IV.  CONCLUSION

Accordingly, for the reasons state above, it is hereby **ORDERED** and **ADJUDGED**:

1.      Counter-defendant Charles Ganz's motion to dismiss motion to dismiss [DE # 27]

is **GRANTED IN PART** and **DENIED IN PART** as follows:

A.      The counter-defendant's motion to dismiss Count I (common law indemnity)

is **GRANTED**. This claim is **DISMISSED WITHOUT PREJUDICE**, with

leave for the counter-plaintiff Growthink to file an amended countercliam

within **TEN (10) DAYS** from the date of entry of this order.

B.      The motion to dismiss is otherwise denied.

**DONE** and **SIGNED** in chambers at West Palm Beach, Florida this 11th day of January,

2010.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

For updated court information, visit unofficial Web site at http://www.judgehurley.com